**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRIAN KRISAK,
Plaintiff-Appellant,

v.

GOURMET COFFEES OF AMERICA,
INCORPORATED; J. MICHAEL CHU;
FRANK M. VEST, JR.,
Defendants-Appellees.

No. 95-2292

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-93-4151-JFM)

Argued: March 6, 1996

Decided: May 3, 1996

Before RUSSELL, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Edward M. Kaplan, SULLOWAY & HOLLIS, Concord,
New Hampshire, for Appellant. Carl Willard Hittinger, BALLARD,
SPAHR, ANDREWS & INGERSOLL, Philadelphia, Pennsylvania,
for Appellees. **ON BRIEF:** William D. Pandolph, SULLOWAY &
HOLLIS, Concord, New Hampshire; James P. Cox, III, MICHIE,
HAMLETT, LOWRY, RASMUSSEN & TWEEL, P.C., Charlottes-

ville, Virginia, for Appellant. Charles S. Hirsch, BALLARD, SPAHR, ANDREWS & INGERSOLL, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Brian Krisak appeals the district court's entry of summary judgment in favor of the defendants, Gourmet Coffees of America, Inc. ("Gourmet Coffees"), J. Michael Chu, and Frank M. Vest, Jr., on various tort and contract claims arising out of his termination as an executive for a coffee company. Krisak also appeals the district court's denial of his motion for reconsideration. Finding no error, we affirm.

I.

In 1989 defendants Chu and Vest founded Specialty Coffee Holdings, Inc. ("Specialty Coffee"), the predecessor of defendant Gourmet Coffees. Specialty Coffee subsequently began a campaign of acquiring coffee companies. During the summer of 1989 Chu set out to acquire Nicholas Coffee Company ("Nicholas Coffee"). Krisak, a Harvard M.B.A., was also considering acquiring Nicholas Coffee. Chu convinced Krisak to join him in his effort to purchase Nicholas Coffee. Krisak alleges that he agreed to join Chu because Chu made an oral promise to implement a plan that would allow Krisak to obtain at least $1,000,000 worth of equity in the resulting company within five years.

Specialty Coffee formally acquired Nicholas Coffee in May 1990. With the assistance of counsel, Krisak negotiated an employment contract (signed on May 29, 1991) and became President of Nicholas Coffee. There was nothing in Krisak's employment contract about

equity participation in the company. The contract contained an integration clause which read: "Entire Agreement. This Agreement contains the entire understanding of the parties. It may not be modified other than by an agreement in writing signed by Employee and the Company."

In the fall of 1991 Specialty Coffee merged Nicholas Coffee with another subsidiary, Elkin Coffee, in what Krisak calls "an organizational consolidation." Krisak moved from Pennsylvania to New Hampshire to become Elkin Coffee's executive vice president, and Elkin Coffee assumed Krisak's employment agreement. Krisak alleges that he agreed to the move based on Chu's oral assurance that he would honor the promise of designing a plan to allow Krisak to receive $1 million in equity.

Shortly after Krisak began working for Elkin Coffee, Krisak's relationship with Elkin Coffee's president, Michael Sullivan, deteriorated, and Krisak was asked to resign. Krisak alleges that he was terminated on April 8, 1992, never having received his promised equity.

On June 18, 1993, Krisak filed suit in New Hampshire state court. Krisak's complaint was removed to the federal district court and eventually transferred to the District of Maryland. Krisak asserted claims for breach of contract, wrongful discharge, promissory estoppel, and fraudulent misrepresentation. At bottom, Krisak's complaint alleged that (both before and after he signed the employment agreement) the defendants promised but failed to implement a plan that would provide him with an opportunity to obtain substantial equity. He alleged that different plans were rescinded and modified to prevent his equity participation in the company. The district court granted summary judgment in favor of the defendants on all of the claims before us on appeal. The district court also denied Krisak's motion for reconsideration.

II.

After carefully considering the briefs and the arguments of the parties, we conclude that the district court properly awarded summary judgment to the defendants and correctly denied Krisak's motion for reconsideration. Accordingly, we affirm for the reasons stated in the

district court's persuasive opinions. <u>Krisak v. Gourmet Coffees of America, Inc.</u>, No. CA-93-4151 (D. Md. Jan. 10 & Apr. 12, 1995).

<u>AFFIRMED</u>

4